UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

THE ZODIAC GROUP, INC., DAVID FELGER, and DANIEL FELGER, collectively the Insureds,

    Plaintiffs,

vs.

AXIS SURPLUS INSURANCE CO., an Illinois Corporation,

    Defendant.
_____/

**COMPLAINT FOR DECLARATORY RELIEF AND INDEMNIFICATION**

Plaintiffs, THE ZODIAC GROUP, INC. (hereinafter "ZODIAC"), DAVID FELGER (hereinafter "DAVID") and DANIEL FELGER (hereinafter "DANIEL")(collectively the "INSUREDS"), by and through undersigned counsel sues, Defendant, AXIS SURPLUS INSURANCE CO. (hereinafter "AXIS"), and states:

**Facts Common to All Counts**

**A.   The Parties, Jurisdiction, and Venue**

1. ZODIAC: THE ZODIAC GROUP, INC. is a Florida Corporation doing business in Palm Beach County, Florida.

2. DAVID: DAVID FELGER is a resident of Palm Beach County, Florida and is otherwise *sui juris*.

3. DANIEL: DANIEL FELGER is a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

4.   AXIS: AXIS SURPLUS INSURANCE CO. is an Illinois Corporation authorized to do and doing business in Palm Beach County, Florida.

5.   Jurisdiction: This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

6.   Venue: Venue is proper in this County since the insurance policy was issued and delivered in Palm Beach County, Florida.

7.   Conditions Precedent: All conditions precedent to instituting this action have occurred, been performed, or have otherwise been waived.

### B.   The Underlying Insurance and Indemnity Obligation

#### i.   The Policy

8.   Insurance Policy: The INSUREDS maintain an Axis Pro Miscellaneous Professional Liability policy ("Insurance Policy") at all material times hereto. The pertinent policy number is ECN 000004320901. (See Exhibit "1").

9.   Pertinent Language: AXIS has a "duty to appoint an attorney and defend a covered **Claim**, even if the allegations are groundless, false or fraudulent." (Part 3(b)). AXIS has a duty to provide coverage "when a written **Claim** is first made against any **Insured** during the **Policy Period**." (Part D(2)(a)). AXIS will also cover acts not within the Policy Period if "[t]he written **Claim** is first made against any **Insured** during the **Policy Period**," and "[n]o **Insured** knew, prior to the **First Inception Date** of the **Insured's** policy with [AXIS], of a circumstance that could reasonably be expected to lead to the **Claim**." (Part D(2)(b))

10.   INSUREDS Full Performance: At all material times hereto, the INSUREDS fully performed their obligations under the Insurance Policy.

### ii. The INSUREDS' Injury

11. <u>Linda Georgian's relationship with ZODIAC</u>: Georgian contracted with ZODIAC to use her name and likeness to advertise psychic 1-800 numbers for a fee. ZODIAC abided by the contract and terminated its use of Georgian's name and likeness on March 2007 when the contract concluded. (See Exhibit "2").

12. <u>Georgian is Not an Insured Under the Insurance Policy</u>: After March 2007 Georgian had no affiliation with ZODIAC, and ZODIAC no longer used her name and image for its business. After March 2007, Georgian and ZODIAC did not maintain a contractual relationship, and she was no longer an employee. Therefore, Georgian was not an insured under the Insurance Policy.

13. <u>Linda Georgian Sues the INSUREDS in State Court</u>: On or about April 25, 2008, Georgian commenced a lawsuit against ZODIAC in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (hereinafter the "State Litigation"). The Complaint contained three causes of action for (1) the unauthorized publication of image and name, (2) invasion of privacy and (3) injunction relief. (See Composite Exhibit "3"). The court subsequently dismissed the action for lack of prosecution on November 13, 2009.

14. <u>The INSUREDS had No Contact with Georgian Between Lawsuits</u>: The INSUREDS had no communication with Georgian which would indicate that she was attempting to bring a new action against them in Federal Court.

15. <u>Linda Georgian Sues FELGER in Federal Court</u>: On or about January 12, 2010, Linda Georgian filed the lawsuit styled *Linda Georgian v. The Zodiac Group, Inc., David Felger, et al* (hereinafter the "Federal Litigation") Case Number 10-60037-Civ-Cohn/Seltzer. The INSUREDS were served with the Complaint of the Federal Litigation on April 23, 2010.

The lawsuit alleged six schemes and six counts against the Defendants, in which the Defendants denied all allegations. (See Exhibit "4").

16. <u>Nature of the Complaint</u>:  The Complaint in the Federal Litigation was substantially different from the State Litigation as is alleged six schemes and eight causes of actions for : (1) Violation of the Lanham Act, 15 U.S.C. §§1117, 1125, *et. seq.*; (2) Violation of Florida Statute §540.08; (3) Violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statue §501.201 *et. seq.*; (4) Civil RICO violation, 18 U.S.C. §1962(c); (5) RICO Conspiracy, 18 U.S.C. §1962(d); (6) Unjust Enrichment; (7) Unlawful Conversion; and (8) Civil Conspiracy to Convert. .

17. <u>Allegations against INSUREDS</u>:  The Complaint in the Federal Litigation alleges that the INSUREDS committed wrongful acts against Georgian within the scope of their employment with Zodiac, as well as individually.

18. <u>Linda Georgian Trial</u>:  Trial for the Federal Litigation commenced on October 17, 2011.  At the close of the Plaintiff's case-in-chief, the Defendants moved for directed verdict against all claims alleged by the Linda Georgian.  The presiding federal district court judge, the Honorable James I. Cohn, found that none of the individual Defendants committed any acts warranting a finding of liability, and dismissed the claims against the individuals, including the FELGERS and ZODIAC.  (See Exhibit "5").

19. <u>The INSUREDS Covered Injury</u>:  Georgian's lawsuits caused an injury to the INSUREDS (attorneys' fees and costs), and exposed them to greater risk (the demand for damages).

### iii.     The Claim and Denial of Coverage

20.     <u>DAVID Gives Timely Notification of Linda Georgian's Claim</u>: On or about January 18, 2010, DAVID, on behalf of ZODIAC, informed AXIS of the Georgian Federal Lawsuit for the purposes of requesting coverage.

21.     <u>AXIS' First Response</u>: On January 27, 2010, AXIS, through Senior Claims Specialist, Mike DiSilvestro, notified the INSUREDS that AXIS will not provide any coverage because (1) the allegations asserted by Georgian stem from a lawsuit filed in April of 2008, and therefore the claim was made prior to the Policy Period; (2) the allegations of fraudulent behavior are excluded under the policy; and (3) the allegations of unlawful gain are excluded under the Policy. (See Exhibit "6").

22.     <u>The INSUREDS Seek Coverage Again</u>: On May 9, 2011, the INSUREDS, through counsel, demand AXIS to provide coverage under the Policy. (See Exhibit "7").

23.     <u>AXIS' Second Response</u>:  On June 22, 2011, AXIS, through Claims Specialist, Zac Skinner, notified the INSUREDS that AXIS will not provide any coverage because the reasons set forth in the January 27 letter and that the allegations in Georgian's Third Amended Complaint merely added Matthew Perez as a defendant, and did not add any additional causes of actions. (See Exhibit "8").

24.     <u>The INSUREDS Seek Indemnification from AXIS a Third Time</u>:  Pursuant to the Honorable Judge James Cohn's findings, on December 9, 2011, the INSUREDS sought indemnification from AXIS for the defense expenses incurred by them.  (See Exhibit "9").

25.     <u>AXIS Third Response</u>: AXIS has failed to respond to the INSUREDS demand whether it will accept or deny coverage.

26. <u>Attorneys' Fees</u>:  The INSUREDS have retained the undersigned counsel and has agreed to pay reasonable attorneys' fees and costs.

## Count I – Declaratory Relief

The INSUREDS restate and reallege the allegations in paragraphs 1 through 26 as if fully set forth herein, and further state:

27. <u>Nature of Claim</u>: This is an action for declaratory relief seeking judicial interpretation of the Insurance Policy at issue and determination whether coverage applies to the INSUREDS, as the INSUREDS are uncertain of their rights.

28. <u>Bona Fide Need to for the Declaration</u>:  There exists a bona fide need for the declaration as AXIS failed to perform its obligations under the contract which caused the INSUREDS to incur significant legal expenses to defend themselves in the Federal Litigation.

29. <u>There is an Adverse Relationship Between the Parties</u>:  The INSUREDS contend that AXIS has a duty to indemnify them for the expenses incurred.  AXIS indicated on two separate occasions that it will not provide coverage under the Insurance Policy.  Therefore, the INSUREDS rights to coverage under the Insurance Policy are in dispute creating an adverse relationship with AXIS.

30. <u>All Facts Necessary for this Action are Ascertainable</u>:  The declaration sought by the INSUREDS involve their rights to coverage in connection with the State Litigation and Federal Litigation, and AXIS refusal to provide coverage, which are ascertainable.

31. <u>The INSUREDS Rights are Dependent on the Facts and Law Applicable to the Facts</u>: The INSUREDS' right to indemnification can only be provided through this Court's interpretation of the facts and circumstances of this action.

32. <u>This Court's Findings are Crucial to The INSUREDS</u>:  The INSUREDS are in need of this Court's assistance to obtain their rights under its Insurance Policy with AXIS.

33. <u>Bad Faith</u>: AXIS denial of coverage was done in bad faith.

WHEREFORE, Plaintiffs, THE ZODIAC GROUP, INC., DAVID FELGER and DANIEL FELGER, demands this Court to take jurisdiction over this matter and adjudicate the rights and liabilities of the parties with respect to the INSUREDS' Insurance Policy with AXIS, and find that AXIS has a duty to indemnify the INSUREDS for the Federal Litigation, and any such further relief this Court deems proper and just.

### Count II – Breach of Contract

The INSUREDS restate and reallege the allegations in paragraphs 1 through 26 as if fully set forth herein, and further state:

34. <u>Nature of Claim</u>:  This is an action for damages for breach of contract, within the jurisdiction of this Court.

35. <u>Valid Contract</u>: The Insurance Policies in effect from October 1 2007 present are valid contracts, under which the INSUREDS are the beneficiaries who are entitled to coverage.

36. <u>Covered Losses</u>:  The INSUREDS' attorney's fees and costs incurred in connection with the Federal Litigation are covered under the Insurance Policy.

37. <u>Performance by the INSUREDS</u>:  At all times, the INSUREDS performed every obligation required of them under the Insurance Policy.

38. <u>Material Breach</u>: AXIS materially breach the contract by failing to provide or indemnify the INSUREDS for attorney's fees and costs incurred in connection with the Federal Litigation.

39.  The INSUREDS' Damages: As a result of AXIS' breach, the INSUREDS have been damaged in the form of incurring all its attorneys' fees and litigation costs with no assistance from AXIS.  To date, the INSUREDS are entitled to reimbursement for legal expenses, including fees and litigation costs, in excess of $720,000.00.

40.  Bad Faith: AXIS' denial of coverage was done in bad faith.

WHEREFORE, Plaintiffs, THE ZODIAC GROUP, INC., DAVID FELGER and DANIEL FELGER, demand judgment against AXIS SURPLUS INSRUANCE CO. for all legal expenses incurred in the State and Federal Litigation together with costs, pre-judgment interest, and all other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The INSUREDS demands trial by jury for all issues so triable as a matter of right.

Respectfully submitted,

GRUMER & MACALUSO, P.A.
Attorneys for PLAINTIFFS
One East Broward Blvd., Suite 1501
Ft. Lauderdale, Florida 33301
(954) 713-2700 (Broward)
(954) 713-2713 (Fax)
E-mail: kgrumer@grumerlaw.com

By: /s/ Keith T. Grumer
       KEITH T. GRUMER
       FLORIDA BAR No. 504416