UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-80299-Civ-SCOLA

THE ZODIAC GROUP, INC. et al.,

 Plaintiffs,

vs.

AXIS SURPLUS INSURANCE CO.,

 Defendant.
_____/

## ORDER REQUIRING STATEMENT OF JURISDICTION

 THIS MATTER is before the Court upon independent review of the record. Plaintiffs Zodiac Group, Inc. ("Zodiac") and David and Daniel Felger have sued Defendant Axis Insurance Co. ("Axis") in federal court on the basis of diversity jurisdiction. Compl. ¶¶ 1-5. Because the Complaint's diversity allegations are wanting, the Court will require the Plaintiffs to file a jurisdictional statement forthwith.

 "As federal courts, we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress," and "we are bound to assure ourselves of jurisdiction even if the parties fail to raise the issue." *Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998). In addition, "a jurisdictional defect cannot be waived by the parties and may be raised at any point during litigation." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005).

 "A district court has diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000." *Shanyfelt v. Wachovia Mortg. FSB*, 439 F. App'x 793, 793 (11th Cir. 2011) (citing 28 U.S.C. § 1332(a)). Diversity must be complete, meaning that all plaintiffs to an action must be of different citizenship than all defendants. *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

According to the Complaint, Plaintiff Zodiac is a Florida corporation doing business in Palm Beach County, Florida; Plaintiffs David and Daniel Felger are residents of Florida; and Defendant Axis is an Illinois corporation doing business in Palm Beach County, Florida. Compl. ¶¶ 1-4.  For diversity jurisdiction purposes, a corporation is considered a citizen of its state of incorporation and of the state where it has its ***principal place of business***.[1] *See MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005); *see also* 28 U.S.C. § 1332(c).  Because the Complaint does not address the principal place of business for either Zodiac or Axis, the allegations are insufficient.  Likewise, it is not enough to allege that the Felgers are merely "residents" of Florida.  It is the citizenship, or domicile,[2] of the parties that is relevant under 28 U.S.C § 1332(a)(1), not their place of residence.  *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341-42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence.").

Accordingly, the Plaintiffs are hereby directed to file a Jurisdictional Statement **by December 13, 2012 at noon**, setting forth the appropriate jurisdictional information so that the Court may determine whether it has subject matter jurisdiction over this controversy.

**DONE and ORDERED** in chambers at Miami, Florida, on December 12, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
*U.S. Magistrate Judge*
*Counsel of record*

---

[1] In the Eleventh Circuit, a corporation's principal place of business is determined using the "total activities test."  *See MacGinnitie*, 420 F.3d at 1239 (explaining that the "total activities" test "combines the 'place of activities' test and the 'nerve center' test and that "[u]nder the 'place of activities' test, the location of the majority of the corporation's sales or production activities is its principal place of business," while "[u]nder the 'nerve center' test, the location of the corporate offices is generally the principal place of business").

[2] For diversity purposes, with respect to individuals, "citizenship" is synonymous with "domicile."  *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).