**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-80299-Civ-SCOLA**

THE ZODIAC GROUP, INC. et al.,

    Plaintiffs,

vs.

AXIS SURPLUS INSURANCE CO.,

    Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

THIS MATTER is before the Court on the Motion for Reconsideration [ECF No. 38], filed by Plaintiff Zodiac Group ("Zodiac").  For the reasons explained below, the Motion for Reconsideration is denied.

**Introduction**

Zodiac seeks reconsideration of this Court's Order [ECF No. 37] granting the Motion to Dismiss [ECF No. 20], filed by Defendant Axis Surplus Insurance Co. ("Axis").  In that Order, the Court found that the insurance policy did not afford coverage because Zodiac's claim was first made in 2008, not during the policy's provided-for claims period, and the federal lawsuit arose from the prior claim, as the two were related by common facts, circumstances, transactions, events and/or decisions.  The Court also found that prior to the policy's inception date, Zodiac had knowledge of circumstances that could reasonably be expected to lead to the subsequent claim.  Accordingly, the Court found dismissal required.

Zodiac asks the Court to reconsider that decision because, it argues, the majority of the allegations and the addition of new claims in the federal case were "substantially different, new, and unforeseeable from" the state court case, thereby creating "a viable 'duty to defend' claim." Mot. at 1-2.  Zodiac also contends that the Court improperly resolved factual questions at the dismissal stage. *Id.* at 9-11.  Recognizing the limited scope of the reconsideration device, Zodiac appears to abandon its first argument on reply, and instead solely argues that "this Court improperly determined issues of fact, which go beyond the scope of a motion to dismiss."  Reply at 1-2.

**Legal Standards**

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id*. "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

**Discussion**

The Court finds no occasion to revisit its prior ruling. Rather than presenting anything new, Zodiac mostly just repackages and rehashes the arguments advanced in opposition to Axis's Motion to Dismiss. It does not identify any intervening change in the law or facts of the case, nor any manifest injustice in the Court's prior ruling. Rather, its request for reconsideration amounts to nothing more than a complaint that the Court got it wrong and should go back and re-think what it already carefully considered. Reconsideration motions may not be used "to ask the Court to rethink what the Court . . . already thought through – rightly or wrongly." *See Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (Gold, J.) (citation omitted). Nor are they designed "to permit losing parties to prop up arguments previously made or to inject new ones," nor "to relieve a party of the consequences of its original, limited presentation." *See Miss. Valley Title Ins. Co.*, 2012 WL 5328644, at *1 (S.D. Ala. Oct. 26, 2012) (Steele, J.). The bulk of the arguments that Zodiac presents were considered and rejected by the Court the first time around and, upon reviewing them a second time here, the Court once again finds them to be unavailing.

Nor is Zodiac correct that this Court improperly decided questions of fact at the dismissal stage. The Court decided the Motion to Dismiss based solely upon the allegations of the Complaint, the exhibits attached thereto, matters of which it could take judicial notice, and

documents attached to the Motion to Dismiss that were central to Zodiac's claim and undisputed as to authenticity.  *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *see also Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).  Moreover, the issue that Zodiac accuses the Court of improperly deciding – whether Zodiac had knowledge, prior to the policy's inception date, of a circumstance that could reasonably be expected to lead to the federal litigation – was not wholly essential to the ruling.  As the Court explained in granting dismissal, even without deciding that issue, Axis would be entitled to dismissal because the federal claim was not first made during the policy period.  *See* Order at 5 n.4.  The Court reached that determination based on the plain language of the policy as to coverage for "Prior Wrongful Acts," not based on the impermissible resolution of factual matters.  *See id.* at 4-5.

## Conclusion

In short, Zodiac's arguments in favor of reconsideration are without merit.  As such, the Court finds no basis to deviate from its prior decision.  Accordingly, it is hereby **ORDERED and ADJUDGED** that Zodiac's Motion for Reconsideration [ECF No. 38] is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida on January 29, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of record